JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7410 PA (FMOx) | Date | April 1, 2011 |
|---|---|---|---|
| Title | Eric Guzman v. Foot Locker, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

      Before the Court are the Responses filed by plaintiff Eric Guzman ("Plaintiff"), and defendants Foot Locker, Inc. and Foot Locker Retail, Inc. ("Defendants"), to the Court's March 4, 2011 order to show cause why the class action allegations should not be stricken from the Complaint for failure to timely file a motion for class certification in compliance with Local Rule 23-3.

      Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "Local rules are 'laws of the United States,'" and are "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) (quoting United States v. Hvass, 355 U.S. 570, 575, 78 S. Ct. 501, 504, 2 L. Ed. 2d 496 (1958) and Fed. R. Civ. P. 83); see also United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006). As a class action, this action is governed by Local Rule 23-3.

      Plaintiff served Defendant with the Complaint on October 12, 2010. As a result, any motion for class certification should have been filed no later than January 10, 2011. The parties filed their Joint Report pursuant to Federal Rule of Civil Procedure 26(f) on December 27, 2010. The Joint Report establishes that Plaintiff was aware of the requirements of Local Rule 23-3 prior to the deadline established by that Rule for the filing of a Motion for Class Certification. The Court issued its Scheduling Order on January 4, 2011. The Scheduling Order set pretrial and trial dates but did not either implicitly or explicitly modify the Local Rule 23-3 deadline. Despite the expiration of that deadline, Plaintiff had not filed a motion for class certification despite the fact that the Complaint, which purported to commence a class action, was served and the action had been pending in the Central District for nearly 90 days. Nor did Plaintiff seek leave of the Court for an extension of time to file a motion for class certification prior to the expiration of the time within which to timely file such a motion.

      In his Response to the Court's order to show cause, Plaintiff contends that he requested an extension of time to file a motion for class certification in the 26(f) Joint Report. However, because that

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7410 PA (FMOx) | Date | April 1, 2011 |
|---|---|---|---|
| Title | Eric Guzman v. Foot Locker, Inc., et al. | | |

"request" was not contained in a noticed motion or properly filed ex parte application filed in compliance with Local Rules 6-1 or 7-19, it was not properly before the Court.  See Local Rule 6-1 ("Unless otherwise provided by rule or order of the Court, no oral motions will be recognized and every motion shall be presented by written notice of motion." (emphasis added)).  The Court also rejects Plaintiff's contention that his failure to timely file a motion for class certification after receiving the Court's Scheduling Order constitutes excusable neglect.  Nothing in the Scheduling Order could reasonably be construed as modifying the requirements of Local Rule 23-3, and Plaintiff's suggestion that he be allowed to file his motion for class certification on July 1, 2011 for a hearing on July 25, 2011 is nonsensical.  First, such a briefing schedule conflicts with Local Rule 6-1, which requires that motions be heard on a minimum of 28 days notice.  Second, that hearing date is the motion cutoff date for the entire action, and transforming that date into the date for a hearing on a motion for class certification would force the Court to modify the pretrial and trial dates set in the Scheduling Order without Plaintiff having established the requisite showing of good cause.  See Fed. R. Civ. P. 16(b)(4).

      For all of the foregoing reasons, the Court determines that Plaintiff has not shown good cause for his failure to file a motion for class certification within the time permitted by Local Rule 23-3.  Nor has Plaintiff shown good cause for failing to request an extension of the deadline.  If Plaintiff intended to request an extension of the Local Rule 23-3 deadline, Plaintiff could have sought relief from this Court in advance of the deadline in a manner recognized by the Local Rules.  He failed to do so.

      Because Plaintiff failed to comply with Local Rule 23-3's ninety-day time limit for filing motions for class certification, the Court strikes the class allegations in Plaintiff's Complaint.  See Watson v. Schwarzenegger, 347 Fed. Appx. 282, 284-85 (9th Cir. 2009) (affirming district court's enforcement of Local Rule 23-3); Main v. Elec. Data Sys. Corp., 168 F.R.D. 573, 577 (N.D. Tex. 1996) (striking class allegations for failing to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); see also Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982) (affirming district court's striking of class allegations because of plaintiff's failure to comply with court order setting deadline for filing of motion for class certification); Reichman v. Bureau of Affirmative Action, 536 F. Supp. 1149, 1168-69 (M.D. Penn. 1982) (denying motion for class certification because plaintiff failed to comply with local rules' requirement that such motions be filed within ninety days of filing of complaint); Coffin v. Sec'y of Health, Educ. & Welfare, 400 F. Supp. 953, (D.D.C. 1975) (same).

      In its order to show cause, the Court prompted the parties to address whether the Court should decline to exercise supplemental jurisdiction over the remaining state law claims of the individual Plaintiff and dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c), which would allow Plaintiff to re-file those claims in state court.  See 28 U.S.C. § 1367(d).  In their Responses, the parties both urge the Court to decline to exercise supplemental jurisdiction over Plaintiff's claims and dismiss

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-7410 PA (FMOx) | Date | April 1, 2011 |
|---|---|---|---|
| Title | Eric Guzman v. Foot Locker, Inc., et al. | | |

his individual claims without prejudice. Pursuant to the consent of the parties, the Court therefore dismisses Plaintiff's state law claims without prejudice. <u>See</u> 28 U.S.C. § 1367(d).

    IT IS SO ORDERED.

                                                                                                                                 :

                                                                            Initials of Preparer